**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-CV-01154-DOC-PDx                                    Date: June 27, 2024

Title: JUSTIN LOVELACE V. AK FUTURES, LLC

---

PRESENT:        THE HONORABLE DAVID O. CARTER, U.S. DISTRICT JUDGE

| Karlen Dubon | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**   **ORDER SUA SPONTE REMANDING CASE TO STATE COURT**

The Court, on its own motion, **REMANDS** this case to Orange County Superior Court.

### I.   Background

#### A. Factual Background

Plaintiff Justin Lovelace ("Lovelace" or "Plaintiff") brought this lawsuit against Defendant AK Futures, LLC ("AK Futures" or "Defendant") alleging unfair, deceptive, and illegal actions after purchasing two delta-8 CAKE vape pens sold by the Defendant. Complaint (Dkt. 1) ¶¶ 15, 20. Plaintiff purchased the vape pens online while physically present within the State of California. *Id.* ¶ 15.

#### B. Procedural Background

Plaintiff filed the complaint in Orange County Superior Court on April 12, 2024 against Defendant alleging violations of the California Consumer Legal Remedies Act,

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. 8:24-CV-01154-DOC-PDx　　　　　　　　　　　　　　　Date: June 27, 2024

Page 2

California Unfair Competition Law, California False Advertising Law, unjust enrichment, and negligent misrepresentation. Complaint. Defendant was served with the Complaint and Summons on April 22, 2024. Ex. A (Dkt. 1) at 4. Defendant removed the case to this Court on May 29, 2024 asserting that this Court has subject matter jurisdiction. Notice of Removal ("Removal") (Dkt. 1). The Court asked for supplemental briefing on the issue (Dkt. 13) and Defendant submitted their Supplement on June 17, 2024 ("Supplement") (Dkt. 14). Plaintiff submitted their response on June 21, 2024 ("Response") (Dkt. 15).

## II.　　Legal Standard

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal of a case from state court to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441. This statute "is strictly construed *against* removal jurisdiction," and the party seeking removal "bears the burden of establishing federal jurisdiction." *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988) (emphasis added) (citations omitted). Procedurally, defendants must file a notice of removal within 30 days after receiving proper service of the complaint and summons, providing a copy of all process, pleadings, and orders served upon the defendant. 28 U.S.C. § 1446.

A state law claim can give rise to federal question jurisdiction under the embedded federal question doctrine. See *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). A federal question is embedded in a state law claim, thus spawning federal jurisdiction, if a "federal issue is (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). The doctrine "captures the commonsense notion that a federal court ought to be able to hear claims recognized under state law that nonetheless turn on substantial questions of federal law, and thus justify resort to the experience, solicitude, and hope of uniformity that a federal forum offers on federal issues." *Grable*, 545 U.S. at 311.

## III.　　Discussion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-01154-DOC-PDx                                                                  Date: June 27, 2024

Page 3

Plaintiff's Complaint alleges that Defendant sold vape pens advertised as "legal hemp" containing 0.3 percent THC, compliant with 7 U.S.C. § 1639o(1) ("Farm Bill" or "Farm Act"). Complaint ¶¶ 17-19. However, Plaintiff asserts that the products were not actually Farm Bill compliant and in fact contained more than 0.3 percent THC. Complaint ¶ 45. Plaintiff does not dispute the Farm Bill's definition of hemp, and understands the definition to be any product containing 0.3 percent or less of THC. *Id.* ¶ 6. Defendant argues that interpreting "what constitutes compliance with the Farm Act . . . and what 'testing regime' is required to determine hemp potency" are the crux of Plaintiff's five state law claims, thus satisfying all four elements of the *Grable-Gunn* test. Supplement at 1-2. Plaintiff argues none of the four elements of the *Grable-Gunn* test are met because (1) the interpretation of the Farm Act is not a central or "actually disputed" issue and (2) "California has a direct and substantial interest in regulating the sale of products by a California business to consumers within the state." Response at 6-8. The Court goes through each of the elements in turn below.

### A. Necessarily Raised

Defendant argues that a federal claim is "necessarily raised" because Farm Act compliance is the *sole* violation of law raised underlying Plaintiff's state law claims. Supplement at 5. Plaintiff argues that whether the Farm Act has been violated is not in fact the sole issue underlying all of Plaintiff's claims; rather, "[t]he central issue is whether Defendant misrepresented the type of product it was selling." Response at 6. Plaintiff also asserts that the issue of Farm Act compliance is actually a defense to Plaintiff's state law claims. *Id.*

An issue is necessarily raised if it is an essential element of a plaintiff's claim. *Negrete v. City of Oakland*, 46 F.4th 811, 819 (9th Cir. 2022). An issue is an essential element to a case when the plaintiff's claims cannot be supported by an alternative or independent state-law theory. *Id.* Although the Complaint makes references to the 2018 Farm Act, resolution as to whether Defendant's products complied with that law are not essential elements of Plaintiff's claims. Defendant incorrectly asserts that a violation of the Farm Act is the sole violation of law raised under Plaintiff's claims. However, Plaintiff's claims are supported by alternative theories. For example, Plaintiff's claims also hinge on the actual amount of THC per dry weight basis in Defendant's products and whether Defendant is in violation of California Health & Safety Code §111929. Response at 6-7; Complaint ¶¶ 84, 100, 104.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-01154-DOC-PDx                                              Date: June 27, 2024

Page 4

Therefore, a federal issue is not "necessarily raised," meaning the Court lacks federal question jurisdiction.

### B. Actually Disputed

Defendant argues that the Farm Bill is "actually disputed" because the claims turn on the definition of "hemp" under the Farm Bill. Supplement at 5-6. Plaintiff argues that the interpretation of hemp under the Farm Bill is not "actually disputed" because there are other legal issues in dispute. Response at 7.

To meet this element, the claim must "substantially involve a dispute or controversy respecting the validity, construction or effect of [federal] law." *Grable*, 545 U.S. at 313. Here, the validity, construction, or effect of the Farm Bill is not disputed by Plaintiff. Plaintiff merely alleges that Defendant's products are not as advertised ("2018 Farm Bill Compliant"). Complaint ¶¶ 40, 45, 58. Additionally, Defendant's alleged misrepresentations include other statements not related to the Farm Bill. For example, Plaintiff also alleges that Defendant made misrepresentations about the fact that Defendant's products were "3rd Party Lab Tested," "legal hemp," and contained "not more than 0.3 percent of THC on a dry weight basis." Complaint ¶¶ 38-41. Therefore, this element is not met and is an independent basis for removal.

### C. Substantial Federal Issue

Defendant argues that there is a substantial issue of federal law because resolution of these claims will involve "in-depth analysis and determinations of hemp potency testing in accordance with [federal] rules and regulations." Supplement at 6-7. Plaintiff argues that main issue "challeng[es] the private business dealings of Defendant, not the validity of the 2018 Farm Bill, the accompanying regulatory scheme, or its implementing regulations." Response at 7.

When deciding whether a claim presents substantial issues of federal law, courts look at whether "pure issues of law" are presented, rather than "fact-bound" or "situation-specific" claims. *Empire Healthchoice Assur., Inc. v. McVeigh*, 547 U.S. 677, 700-01 (2006). Interpretating a federal statute, *Grable*, 545 U.S. at 310; challenging a federal statute's constitutionality, *Smith v. Kansas City Title & Trust Co.*, 255 U.S. 180, 199 (1921); or the adjudicating issues that will "be controlling in numerous other cases,"

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-01154-DOC-PDx                                         Date: June 27, 2024

Page 5

*Empire Healthchoice*, 547 U.S. at 700, are instances where a claim will meet the substantial federal issue standard. The issue must also be substantial to the "federal system as a whole," not just the parties. *Gunn*, 568 U.S. at 260.

Here, the resolution of Plaintiff's claims does not require the careful interpretation of the Farm Act to determine its meaning or constitutionality. The Complaint simply asserts that Defendant misrepresented its products as being "2018 Farm Bill Compliant." Complaint ¶ 17. Nowhere in Plaintiff's Complaint is the constitutionality or meaning of the Farm Act challenged. The issues presented here are not "pure issues of law" and in fact require "fact-bound" inquiries. An analysis of hemp potency testing and whether Defendant's product meets the definition of "hemp" under the Farm Bill is a factual inquiry. Finally, there is no indication that the determination of this issue is substantial to the "federal system as a whole." Here, unlike in *Grable*, the focus is on the individual litigants and their actions rather than the broader significance of the Farm Bill. Therefore, this case presents no substantial federal issue.

### D. Federal-State Balance

Nor could this Court adjudicate this claim without disrupting the federal state-balance.

Defendant asserts that the absence of a federal private right of action does not preclude federal jurisdiction, citing *Grable*. *Id.* at 4. Defendant also asserts that there is a federal interest in the uniform application of federal law. *Id.* at 5. Finally, Defendant argues that this issue implicates federal interests because this action centers around "regulations promulaged [sic] by the USDA to determine compliant testing regimes. Supplement at 7. Plaintiff argues that (1) there is no private, federal cause of action for the violation, (2) allowing a California state court to adjudicate this case would not undermine the uniform application of the Farm Bill; and (3) California has a substantial interest in regulating the sale of products by a California business to consumers within the state. Response at 4, 8.

"The absence of a federal private right of action [is] evidence relevant to, but not dispositive of, the 'sensitive judgments about congressional intent.'" *Grable*, 545 U.S. at 318. Courts look holistically "with an eye to practicality and necessity" to determine if this element is met. *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 810 (1986). In *Grable*, the defendants were able to overcome the absence of a federal private right of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. 8:24-CV-01154-DOC-PDx                                        Date: June 27, 2024

Page 6

action and assert jurisdiction because the federal issue was at the heart of the state-law claim. *Grable*, 545 U.S. at 319-20. *Grable* is distinguishable from the case before us where the heart of the issue is not the interpretation of the Farm Act, rather, it is the Defendant's misrepresentation of their products. Therefore, this argument weighs in favor of removal.

Furthering a uniform interpretation of a federal statute is not a powerful enough federal interest to confer federal question jurisdiction. *Merrell Dow*, 478 U.S.at 815-16. Concerns regarding uniformity are often mitigated by the fact that the Supreme Court retains the power to review the decision of a federal issue in a state cause of action. *Id.* Here, Defendant's argument regarding uniformity does not weigh in favor of removal, when combined with the congressional decision to preclude a private right of action.

The Ninth Circuit has held that "exercising federal question jurisdiction over any state law claim that references a federal consumer protection statute would 'herald [ ] a potentially enormous shift of traditionally state cases into federal courts.'" *Nevada v. Bank of America Corp.*, 672 F3d 661, 676 (9th Cir. 2012). Here, exercising federal question jurisdiction would have an effect on the federal-state division of labor. California indeed has a substantial interest in regulating the sale of products to consumers within the state. State courts frequently handle state-law consumer protection suits that refer to standards set forth in federal statutes. *Id.* Thus, it would not be improper for the California state court to apply the standards set out in the Farm Bill if necessary, to resolve the claims. Therefore, this argument also weighs against removal.

For the reasons stated above, this element is not met and is an independent basis to remand this case.

### IV.    Disposition

For the foregoing reasons, the Court **REMANDS** this action to the California state court. All hearings are vacated and removed from this Court's calendar.

MINUTES FORM 11

CIVIL-GEN                                                             Initials of Deputy Clerk: kdu